UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV- 81369

CASSANDRA SEGEE,

    Plaintiff,

vs.

AMERICAN MEDICAL (CENTRAL), INC. and
PALM BEACH GARDENS COMMUNITY HOSPITAL, INC.,

    Defendant.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Cassandra Segee, sues Defendants, American Medical (Central) Inc. and Palm Beach Gardens Community Hospital, Inc., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Cassandra Segee**, is over 18 years old and has been a *sui juris* resident of Palm Beach County, Florida, at all times material.

2. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, American Medical (Central), Inc.,** is a *sui juris* Texas for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Palm Beach County, Florida, at all times material.

6. **Defendant, Palm Beach Gardens Community Hospital, Inc.,** is a *sui juris*

Texas for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Palm Beach County, Florida, at all times material.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants operated their ambulatory care hospital in this District, and because Plaintiff worked and was due to be paid in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and supplemental jurisdiction over Plaintiff's related State law claims.

9. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10. Both Defendants employed Plaintiff at the Palm Beach Gardens Medical Center.

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. In particular, Defendants own and operate the Palm Beach Gardens Medical Center, where they at all times material engaged in interstate commerce in the course of their provision of acute, ancillary, palliative and emergency medical care, diagnosis, treatment, and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

13. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors that include Medicare, health insurance, and third-party payors.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

14. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

15. Each Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16. Plaintiff worked for Defendant from April 1, 2018 to August 10, 2019 as a Registered Nurse. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

17. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and recurrently passing medications, using syringes and medical supplies, and other goods and supplies that moved through interstate commerce.

18. Defendants paid Plaintiff an hourly rate of $28.00 per hour.

19. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

20. Defendants would then pay Plaintiff at an overtime rate of $42.00 per hour.

21. Defendants automatically deducted 30 minutes for each 6-hours that Plaintiff worked, but failed to ensure that Plaintiff was relieved of all work duties during the breaks they automatically deducted.

22. Plaintiff was unable to take breaks for 30 consecutive minutes as a result of the

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

workload placed upon her, the requirement that she monitor the patients for whom she was responsible, and the inability of the Charge Nurse to relieve Plaintiff due to his lack of qualifications.

23. Certain employees and/or agents of Defendants, who held supervisory positions over Plaintiff, instructed Plaintiff to not inform Defendants when she could not take an uninterrupted meal break.

24. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all hours that he worked over 40 hours in a given workweek.

25. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period as a result of failing to pay her for all time worked.

26. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

27. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

29. Plaintiff is entitled to a backpay award of overtime wages for all of the overtime hours she worked but was not paid, plus an equal amount as a penalty, plus all attorneys' fees

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

and costs.

WHEREFORE Plaintiff, Cassandra Segee, demands the entry of a judgment in her favor and against Defendants, American Medical (Central), Inc. and Palm Beach Gardens Community Hospital, Inc., jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of October 2019.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*
